**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALBERT LEE ST. CLAIR, JR.,**

    **Plaintiff,**

vs.                             **CASE NO. 4:23-cv-00331-AW-MAF**

**WARDEN KEEN,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se filed a motion for preliminary injunction and temporary restraining order at the same time he filed his initial complaint. ECF No. 2. For the reasons stated below, the motion should be denied. A limited discussion of Plaintiff's allegations and the procedural posture of the case is warranted.

**I. Background**

  A. <u>Plaintiff's Complaint, ECF No. 1</u>

Plaintiff alleged that on July 11 and July 12, 2023, prison officials physically attacked him causing injuries. Plaintiff did not receive proper medical attention at the time of the incident. On July 24, 2023, Plaintiff was seen by a nurse who made a referral to the eye doctor but, otherwise, denied

him treatment. Plaintiff received two disciplinary reports and, ultimately, was placed in confinement. Three days after the alleged denial of medical treatment, Plaintiff initiated the instant case.

B. Procedural Posture of the Case

The Court screened Plaintiff's complaint, determined it was legally insufficient, identified the deficiencies, and ordered Plaintiff to amend by **September 4, 2023**. ECF No. 5. Plaintiff did not pay the filing fee but filed an incomplete application to proceed *in forma pauperis* (IFP). ECF No. 4. In the same order to amend, the Court directed Plaintiff to refile his IFP application or, alternatively, pay the filing fee by the same deadline. ECF No. 5. Without a legally sufficient complaint and a complete IFP application (or payment of the filing fee), this case will not proceed.

II. **Plaintiff's "Motion for Order for Preliminary Injunction and a Temporary Restraining Order," ECF No. 2.**

In the one-page motion, Plaintiff asks for a restraining order against all Defendants and an injunction requiring the Florida Department of Corrections and the warden to transfer him to a different correctional facility for his protection. ECF No. 2. Plaintiff reiterates his allegation that he was beaten twice. Id. Allegedly, Defendant Busceti threatened Plaintiff by stating "when Plaintiff gets out of confinement . . . Busceti . . . has a few gang

budd[ies] that [are] going to . . . stab" him. Id. Plaintiff has approximately 45 days remaining in confinement. Id. Plaintiff is in fear for his life. Id.

## III. Preliminary Injunction Standard

In order for Plaintiff to be entitled to a preliminary injunction, he must show: (1) a substantial likelihood of success on the merits; (2) that the order is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the order would cause to the non-movant; and (4) that the order would not be adverse to the public interest. DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011). A preliminary injunction is considered an extraordinary and drastic remedy and, as such, is not granted unless Plaintiff can clearly satisfy the burden of persuasion as to each of the four prerequisites. Id. Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit can be reviewed. All Care Nursing Service v. Bethesda Memorial Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989). Therefore, the relief sought in the motion must be closely related to the conduct. The persons from whom the injunctive relief is sought must be a party to the underlying action. See In

re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842 (11th Cir. 1995). A showing of irreparable harm is "the sine qua non of injunctive relief." Northeastern Florida Chapter of Ass'n of Gen. Contractors of Amer. V. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990).

The Court need not address each of the four requirements for injunctive relief. It is sufficient that Plaintiff cannot meet all of them. See United States v. Jefferson Cnty, 720 F.2d 1511, 1519 (11th Cir. 1983).

## IV. Discussion

### A. Plaintiff is Not Entitled to Temporary Restraining Orders

Plaintiff essentially seeks a temporary restraining order without notice to the Defendants in this case. Pursuant to Fed. R. Civ. P. 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff made the statements in his complaint under the penalty of perjury; however, the motion for injunctive relief is not so signed nor is there

any affidavit. ECF Nos. 1, 2. Plaintiff's allegations in his complaint may state constitutional claims, but, as it stands, there is no legally sufficient complaint to serve upon Defendants. The Court does not take the allegations in this case lightly, but no one has been served. Plaintiff seeks injunctive relief without notice. More importantly, Plaintiff does not establish that he will suffer "irreparable injury, loss or damage" if he is not granted a temporary restraining order before Defendants can be heard in this case.

### C. Exhaustion of Administrative Remedies

The Court takes note that Plaintiff did not allege that he has exhausted his administrative remedies prior to presenting these latest allegations. Given the dates, it is unlikely the claims are exhausted. Plaintiff certainly has valid grievances, which he could put forth to the prison and appeal to the FDOC if necessary. Congress implemented an exhaustion requirement to allow correctional officials time and opportunity to address complaints before prisoners present them to federal courts. Porter v. Nussle, 534 U.S. 516, 525 (2002). Exhaustion includes the process of appealing grievances. Allowing inmates to bring unexhausted claims for injunctive relief to federal court bypasses the intent of Congress. Claims that have not been exhausted may not be considered. See Jones v. Bock, 549 U.S. 199, 220 (2007). Exhaustion is mandatory. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016).

Case 4:23-cv-00331-AW-MAF   Document 6   Filed 08/07/23   Page 6 of 7
Page 6 of 7

The claims raised by Plaintiff in the present motion do not present such a grave emergency that could be said to render the exhaustion requirement futile. Even if Plaintiff exhausted the claims, the motion for injunctive relief should be denied for the reasons stated below.

B. Verbal Threats

Plaintiff's allegations regarding Busceti's verbal threats are new and were not raised in a verified complaint. Nonetheless, there is no substantial likelihood of success on the merits of an Eighth Amendment claim based on threats alone. These alleged threats occurred after Plaintiff was placed in confinement. In general, courts have held that verbal harassment, abuse, or taunting is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989). Denial of the motion is appropriate.

C. Plaintiff Seeks an Unavailable Remedy

In the motion, Plaintiff asks to be transferred to a different correctional facility. ECF No. 2. It is well settled that inmates do not have a constitutional right against being transferred to another institution, have no right to incarceration in a prison of their choice, and are not entitled to any prisoner- or status classification. Smith v. Crews, 738 F. App'x 981, 984 (11th Cir. 2018) citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Olim v.

Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 (1976). Because Plaintiff seeks a remedy that is unavailable, the motion should be denied.

## V. Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's requests for a temporary restraining order and injunctive relief, ECF No. 2, be **DENIED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida on August 7, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).